TOM HAIR v. THE STATE.

No. 8300.   Decided November 12, 1924.

No motion for rehearing filed.

**Manufacturing Intoxicating Liquors—Evidence—Declarations of Accused—Under Arrest—Res Gestae.**

When arrested by the officers in possession of a still in operation, appellant stated to them immediately that he was operating it for the first time, and that the reason he started so early, was because he needed a drink. This statement was admissible being a part of the *res gestae*.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, eighteen months in the penitentiary.

*S. B. Ehrenwerth,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the manufacture of intoxicating liquor, punishment assessed being 18 months in the penitentiary.

The officers armed with a search warrant found a still in operation, and in addition to the material in the still found 11 barrels of mash in a side room adjoining that in which the manufacture of whisky was in progress. The premises appear to have been rented by the owner to Will Hair a brother of appellant, but Will Hair was not found about the place at the time the officers arrived. Appellant and his wife were in the house a short distance from where the still was in operation.

Only one bill of exception appears in the record. The officer testified that appellant told him he had found the still and the barrels in an old house down by the bayou and that he had just begun the operation of it for the first time, and that the reason he started so early was because he needed a drink. This testimony was objected to upon the ground that appellant was under arrest at the time he made the statement. The learned trial judge in explaining the bill says: "The testimony was admitted as *res gestae* and that the statement made by appellant was immediately after his arrest and while the still was in operation." There is nothing in the bill itself which contradicts the explanation attached thereto, and the bill having been accepted by appellant with such explanation we are bound thereby, and must assume that the court was correct in receiving the evidence complained of upon the ground that it was the *res gestae.*

The evidence is more than sufficient to sustain the conviction and the judgment is affirmed.

*Affirmed.*